UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL A. WINCHCOMBE,

                                    Plaintiff,

                    -against-

MELISSA McMORRIS, et al.,

                                    Defendants.

26-CV-1364 (JGLC)

**ORDER OF SERVICE**

JESSICA G.L. CLARKE, United States District Judge:

Plaintiff Michael A. Winchcombe, who is currently incarcerated in the Franklin Correctional Facility, brings this *pro se* action asserting claims of violations of his federal constitutional rights, seeking damages and injunctive relief.[1] Plaintiff sues: (1) Melissa McMorris, a New York State Police Investigator; (2) Letitia James, the Attorney General of the State of New York; (3) Meg Bailey, who appears to be an Assistant New York State Attorney General; (4) Acting Justice Micheal Hayes of the New York Supreme Court, Dutchess County; (5) Megan McCloud, a New York State Police Trooper; (6) two unidentified "John Doe" correction officers assigned to the Dutchess County Justice and Transition Center; and (7) Justice Paul Pancio of the Town of Union Vale Justice Court. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

By order dated February 24, 2026, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

---

[1] Plaintiff filed the complaint commencing this action while incarcerated in the Marcy Correctional Facility.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

For the reasons discussed below, the Court dismisses Plaintiff's claims under Section 1983 against Justice Pancio and also dismisses Plaintiff's claims against Letitia James, Meg Bailey, and Acting Justice Hayes. The Court directs service on Trooper McCloud and Investigator McMorris. The Court further directs the Dutchess County Attorney to provide to Plaintiff and to the Court the identities, badge numbers, and service addresses of the unidentified "John Doe" defendants.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

2

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

**A.    Plaintiff's claims under 42 U.S.C. § 1983 against Justice Pancio**

The Court understands Plaintiff's claims against Justice Pancio, of the Town of Union Vale Justice Court, as brought under 42 U.S.C. § 1983. The Court must dismiss these claims, which appear to arise from Justice Pancio's acts or rulings made in the course of his presiding over Plaintiff's criminal matters in that court, under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that,

3

although judicial in nature, is taken in absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209–10 (describing actions that are judicial in nature). "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). In addition, Section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

To the extent that Plaintiff asserts claims under Section 1983 for damages and injunctive relief against Justice Pancio arising from any of his acts or rulings taken in the course of his presiding over Plaintiff's criminal matters in the Town of Union Vale Justice Court, Plaintiff has failed to allege any facts showing that Justice Pancio has acted beyond the scope of his judicial responsibilities or outside of his jurisdiction. *See Mireles*, 509 U.S. at 11–12. Inasmuch as Plaintiff sues Justice Pancio for "acts arising out of, or related to, individual cases before" him, *Bliven*, 579 F.3d at 210, the doctrine of judicial immunity applies to Plaintiff's claims under Section 1983 for damages and injunctive relief against that judge. The Court therefore dismisses these claims under the doctrine of judicial immunity[3] because Plaintiff seeks monetary relief from a defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see* § 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177 (2d

---

[3] The amendment to Section 1983, allowing for injunctive relief against a judicial officer only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, bars Plaintiff from seeking injunctive relief against Justice Pancio in his individual capacity. This is so because Plaintiff can seek review of Justice Pancio's actions and/or rulings in the New York State appellate courts. *See Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 18, 2018).

Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**B.      Service on Trooper McCloud and Investigator McMorris**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the United States Marshals Service ("USMS") to effect service on Trooper McCloud and Investigator McMorris.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Trooper McCloud and Investigator McMorris through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses for these defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service upon these defendants.

If the summonses and complaint are not served upon Trooper McCloud and Investigator McMorris within 90 days after the date that the summonses for these defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[4]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on Trooper McCloud and Investigator McMorris until the Court reviewed the complaint and ordered that summonses be issued for these defendants The Court therefore extends the time to serve these defendants until 90 days after the date that summonses for these defendants issue.

Plaintiff must notify the Court in writing if his mailing address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## C.    "John Doe" Correction Officers

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Dutchess County Sheriff's Office to identify the unidentified "John Doe" defendants; they are those correction officers assigned to the Dutchess County Justice and Transition Center, who, on or about November 4, 2023, following Plaintiff's detainment in that facility on or about that date, directed Plaintiff to provide them with his house key(s) for the purpose of searching Plaintiff's home. It is therefore ordered that the Dutchess County Attorney, who is the attorney for and agent of the Dutchess County Sheriff's Office, must ascertain the identity and badge number of each of the unidentified "John Doe" defendants whom Plaintiff seeks to sue here and the address where each of these defendants may be served. The County Attorney must provide this information to Plaintiff and to the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as defendants and providing their badge numbers and service addresses. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on the newly identified defendants.

## D.    Remaining Defendants

Plaintiff alleges no facts about Defendants James, Bailey, and Hayes. Accordingly, the Court dismisses Plaintiff's claims against these defendants for failure to state a claim on which

relief may be granted. *See* § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8(a); *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) (for Section 1983 claims, a plaintiff must plead a defendant's direct and personal involvement in the alleged federal constitutional violations). In light of Plaintiff's *pro se* status, however, the Court dismisses these claims without prejudice to Plaintiff's filing an amended complaint in which he alleges facts specifying how each defendant named in the amended complaint was directly and personally involved with the alleged violations of Plaintiff's federal constitutional rights and/or otherwise injured Plaintiff under state law.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against Justice Paul Pancio. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court also directs the Clerk of Court to: (1) issue summonses for New York State Police Trooper Megan McCloud and New York State Police Investigator Melissa McMorris; (2) complete USM-285 forms with the service addresses for these defendants; and (3) deliver all documents necessary to effect service of summonses and the complaint on these defendants to the United States Marshals Service.

The Court further directs the Clerk of Court to mail a copy of this order and of the complaint to Dutchess County Attorney at the following address: Office of the Dutchess County Attorney, 22 Market Street, Poughkeepsie, New York 12601.

The Court directs the Dutchess County Attorney to provide the identities, badge numbers, and service addresses of the unidentified "John Doe" defendants, as specified in this order.

The Court dismisses Plaintiff's claims against Letitia James, Meg Bailey, and Acting Justice Michael Hayes for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court dismisses these claims without prejudice to Plaintiff's filing an

7

amended complaint in which he alleges facts specifying how each defendant named in the

amended complaint was directly and personally involved with the alleged violations of Plaintiff's

federal constitutional rights and/or otherwise injured Plaintiff under state law.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 23, 2026
         White Plains, New York

_____
JESSICA G. L. CLARKE
United States District Judge

8

**SERVICE ADDRESSES FOR DEFENDANTS**

1.    Police Investigator Melissa McMorris
      New York State Police Barrack Troop K
      2541 Route 44
      Salt Point, New York 12578

2.    Trooper Megan McCloud
      New York State Police Barrack Troop K
      2541 Route 44
      Salt Point, New York 12578